UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:05CV186-EHJ

PAULA RANKIN                                                          PLAINTIFF

v.

JO ANNE BARNHART,
Commissioner of Social Security                                      DEFENDANT

## MEMORANDUM OPINION

This matter is before the Court upon plaintiff Paula Rankin's objections to the Report and Recommendation of the United States Magistrate Judge. The Court has conducted a de novo review of those matters that are the subject of specific written objection, and is of the opinion that the proposed Report and Recommendation of the Magistrate should be adopted, and the Decision of the Commissioner should be affirmed.

Ms. Rankin filed applications for Supplemental Security Income and Disability Insurance Benefits on November 14, 2003, alleging that she became disabled on September 1, 2002 as a result of scoliosis of the lower thoracolumbar spine and mild disc dessication at L5-S1 (Tr. 63, 72). After a hearing on January 13, 2005, Administrative Law Judge Gary Flenner ("ALJ") found that Ms. Rankin has severe impairments including an organic mental disorder, depressive disorder and a pain disorder (Tr. 19). The ALJ found that these impairments are severe, but do not meet or medically equal listed impairments. The ALJ found that she retains the residual functional capacity to return to her past relevant work as a welder, a painter and a production line worker (Tr. 19).

The claimant appealed the ALJ's Decision to this Court, and the Magistrate Judge has recommended that the Commissioner's Decision be upheld. The plaintiff has filed objections to the Magistrate's report, arguing that 1) the vocational evidence was insufficient; 2) the medical evidence

demonstrates severe physical impairments; 3) the Decision contains inappropriate language contrary to Hallex guidance; and 4) the ALJ failed to properly evaluate claimant's mental impairments.

With regard to the hypothetical posed to the vocational expert, there does appear to be an inconsistency between the residual functional capacity findings and the plaintiff's ability to perform simple to even detailed procedures.  However, it is clear to this Court that the ALJ was attempting to characterize, albeit inartfully, the evidence of the findings by Dr. Nichols and the state agency medical consultants.  As noted by the magistrate it is the actual evidence, not the ALJ's characterization thereof, that governs our review.  The Court finds no error in the ALJ's vocational findings.

Next, the claimant argues that the record supports her contention of severe physical impairments.  Of primary issue is the ALJ's rejection of the disabling opinions of treating physician Dr. Maddux.  The Court has thoroughly examined the evidence of record and finds that the ALJ stated sufficient reasons for his rejection of the unsupported and conclusory opinions of Dr. Maddux.  In addition, the ALJ's summary of the evidence is accurate in that it reflects no significant physical injury or condition.  The only other medical opinions contained in the record are from state agency physicians, the first of which finds no severe physical impairment and the second which concludes plaintiff may perform a range of medium work.  The ALJ opted to accept the first of the two, as it is consistent with the lack of supported medical findings in the record.  Accordingly, the ALJ's finding of no severe physical impairment is supported by substantial evidence.

Plaintiff next contends that several comments made in the ALJ's Decision are inappropriately emotionally charged and contrary to the guidance contained in the Hallex.  Specifically, the ALJ noted, "it is apparent that the claimant does not want to work" and that, "there

2

is some evidence of secondary gain." The Court agrees that the ALJ could have written the Decision in a less-inflammatory tone, but nonetheless finds that these comments do not rise to the level of reversible error.

Finally, the plaintiff argues that the ALJ erred in rejecting the mental limitations found by Dr. Kenneth Anchor and instead adopting those of Dr. Nichols and the two state agency psychological associates. The Court finds that the ALJ properly analyzed and chose between the conflicting medical opinions at issue, and stated sufficient reasons for rejecting Dr. Anchor's findings. In sum, substantial evidence supports the ALJ's determination with regard to the claimant's mental limitations.

After reviewing the record in its entirety and conducting a de novo review of the matters raised by each of these objections, the Court has determined that the analyses and conclusions of the Magistrate Judge mirror those of the undersigned. The Court adopts the Magistrate Judge's Report and Recommendation in its entirety.

A Judgment in conformity has this day entered.